I respectfully dissent.
The majority contends that since there is no genuine issue of material fact as to whether Rolinda had the authority to conduct the transactions under consideration, there is no question to be litigated regarding her liability. Thus, the majority believes that the trial court properly granted summary judgment in favor of appellees. I disagree.
An attorney-in-fact has a fiduciary relationship with her principal.In re Scott, supra, at 276. Any transfer of the principal's assets by an attorney-in-fact to the benefit of the attorney-in-fact should be viewed with some suspicion. Id. Although the foregoing statements of law are correct, it is also true that self-dealing transfers may in fact be appropriate and the attorney-in-fact has the burden of proof on the issue of the fairness of the transaction. Testa, supra, at 166.
In the instant matter, Rolinda presented Civ. R. 56 evidence demonstrating that there were issues of material fact as to whether her actions as attorney-in-fact were appropriate. She presented affidavits signed by herself, Dorothy, and Anita. In each of the affidavits, the affiants state that the family plan to create the trust by use of the *Page 19 
Scotts' assets was discussed with them prior to the transfer being made. The affidavits also claim that the Scotts directed Rolinda to put the plan in motion by transferring the funds as she did. In fact, Anita indicated in her affidavit that Harriet was pleased with the trust. The Civ.R 56 evidence showed that Rolinda made transfers of appellees' assets by use of an all-inclusive power of attorney that had no provision for gifts. This writer does not believe that she exceeded her authority in any manner.
Appellees claim that Rolinda made the transfers without their knowledge, understanding, or direction. Rolinda, on the other hand, claims that the transfers were made with appellees' full knowledge and direction. In spite of these conflicting claims, I believe that the trial court erred by finding that there was no genuine issue of material fact.
For the foregoing reasons, I dissent from the majority. *Page 1